IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § § | CRIMINAL NO. 4:13-CR-37-ALM-KPJ-11 |
| MARCUS OKEITH GOYNES (11) | § § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to the Court for a report and recommendation, it conducted a hearing on March 11, 2024, to determine whether Defendant violated the terms of his supervised release. Defendant was represented by Assistant Public Defender Sarah Jacobs. The Government was represented by Assistant United States Attorney Stevan Buys.

On April 30, 2015, United States District Judge Amos L. Mazzant, III, sentenced Defendant to one hundred thirty (130) months imprisonment followed by four (4) years of supervised release. *See* Dkts. 662 at 1–3; 866 at 1. On December 30, 2022, Defendant began serving his term of supervised release. *See* Dkt. 866 at 1.

On November 29, 2023, the Probation Officer filed the Petition for Warrant or Summons for Offender Under Supervision (Dkt. 861), alleging Defendant violated four conditions of his supervised release. *See* Dkt. 861 at 1–2. On February 23, 2024, the Probation Officer filed the First Amended Petition for Warrant or Summons for Offender Under Supervision (the "Amended Petition") (Dkt. 866), alleging Defendant violated five conditions of his supervised release. Dkt. 866 at 1–3. The Amended Petition asserts Defendant violated the following conditions of supervision: (1) Defendant shall refrain from any unlawful use of a controlled substance;

1

(2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) Defendant shall notify the Probation Officer within seventy-two hours of being arrested or questioned by a law enforcement officer; (4) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the Probation Office, until such time as Defendant is released from the program by the Probation Officer; and (5) Defendant shall not commit another federal, state, or local crime. *See id.*

> The Amended Petition asserts Defendant violated the foregoing conditions as follows:
>
> (1)–(2) Defendant submitted urine specimens on October 11, 2023 and October 31, 2023, which tested positive for marijuana and phencyclidine. He also submitted urine specimens on November 7, 2023, November 15, 2023, and November 27, 2023, which tested positive for marijuana. All samples collected were later confirmed positive by Alere Toxicology. Additionally, Alere Toxicology determined that each positive drug test was the result of new use before each testing date.
>
> (3) On May 15, 2023, the Greenville Police Department responded to a call for service involving Defendant and his girlfriend getting into an argument. His girlfriend was later arrested for outstanding warrants. Defendant failed to notify the Probation Officer of his contact with the Greenville Police Department.
>
> (4) On August 21, 2023, Defendant was referred for twice a month individual integrated counseling for dual disorders at Fletcher Counseling & Associates in Plano, Texas. Defendant failed to attend his scheduled treatment sessions on November 13, 2023. Additionally, Defendant failed to report for drug testing at the Probation Office on October 27, 2023
>
> (5) On January 1, 2024, in Greenville, Texas, Defendant committed Assault Causing Bodily Injury Family Member, in violation of Texas Penal Code § 22.01, a misdemeanor. However, because Defendant has been previously convicted of Assault Causing Bodily Injury Family Member, it is enhanced to a felony of the third degree.
>
> According to the arrest report, on January 1, 2023, a police officer with the Greenville Police Department in Greenville, Texas was dispatched to a domestic disturbance call at Defendant's address. The responding officer received call notes

2

that a juvenile caller stated the victim Raika Hale ("Hale") was being assaulted by her husband, Defendant, and dispatch could hear a loud disturbance in the background. The responding officer arrived outside the residence and made contact with Hale in the parking lot when Defendant walked up. The responding officer identified Defendant by his Texas driver's license and dispatch later provided notification that Defendant had an arrest warrant out of the U.S. Marshals Service ("USMS"). While the responding officer waited for additional units to arrive, he obtained a statement from Defendant.

After the arrival of another officer, the responding officer spoke with Hale. Hale stated that Defendant arrived home after being out all night and made a comment about wanting to go back out. Hale stated that they got into a verbal argument because she did not want him to go back out. Hale stated that Defendant became angry during the verbal argument and punched her with a closed fist in the forehead causing her pain. She stated that Defendant then started to drag her around, ripping her clothes. Hale stated she kept yelling at Defendant to stop but he wouldn't. At that point, the juvenile called police and Hale was able get away from the assault. Hale stated that the entire incident occurred in the living room.

An officer later entered the apartment with Hale to take photographs of her at the scene. Hale gave a statement to that officer that Defendant bit her during the scuffle. The officer that entered the residence noted that a physical struggle looked to have occurred in the living room. Hale stated that she had an injury to her forehead but denied medical attention. The responding officer was not able to observe an injury to her forehead, but he did observe that her shirt appeared to be torn at the shoulder. Defendant was later placed under arrest for Assault Family Violence Causing Injury, and for the USMS warrant. Hale later stated that she wanted a protective order, and an Emergency Protective Order was completed.

On February 22, 2024, contact was made with the Hunt County Clerk's Office, and they advised that on February 20, 2024, the charge was not filed and the case was closed and no action was taken due to the victim no longer wanting to pursue charges.

On March 11, 2024, the Court conducted a final revocation hearing on the Amended Petition. *See* Minute Entry for March 11, 2024. Defendant entered a plea of true to allegations one through four, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the undersigned. *See id.*; Dkt. 875. The Government moved to withdraw allegation five, which the Court granted. *See* Minute Entry for

March 11, 2024. The Court finds Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the March 11, 2024 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for twenty-one (21) months, with two (2) years of supervised release to follow under the same conditions as those under which he was originally released. The Court further recommends that Defendant be placed at FCI Seagoville in Seagoville, Texas or FCI Texarkana in Texarkana, Texas, if appropriate.

**So ORDERED and SIGNED this 12th day of March, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE